# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**CASE NO.:CV-08-0761-AKK**

_____

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

  v.

**LARRY P. LANGFORD,**
**WILLIAM B. BLOUNT,**
**BLOUNT PARRISH & CO., INC, AND**
**ALBERT W. LAPIERRE,**

      **Defendants.**
_____

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT WILLIAM B. BLOUNT

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against Defendant William B. Blount and others. In its Complaint, the Commission sought, among other relief, a permanent injunction to prohibit violations by Blount of Sections 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15B(c)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and

Exchange Act Rule 10b-5, and Municipal Securities Rulemaking Board ("MSRB") Rules G-17 and G-20.

Blount, by the Consent of Defendant William B. Blount ("Consent"), has entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant William B. Blount ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.  This Court having accepted such Consent and this Court having jurisdiction over Blount and the subject matter of this action, and the Court being fully advised in the premises, orders as follows:

## I.

## **PERMANENT INJUNCTION**

### A.  Section 17(a) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that Blount and his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act, 15 U.S.C. §77q(a), by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in the offer or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of untrue statements of material facts or by omitting to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    (c)    to engage in transactions, practices and courses of business which operate or will operate as a fraud or deceit upon purchasers and prospective purchasers of securities.

## B.  Section 10(b) of the Exchange Act and Rule 10b-5

**IT IS FURTHER ORDERED AND ADJUDGED** that Blount and his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## C.  Section 15B(c)(1) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Blount and his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 15B(c)(1) of the Exchange Act, 15 U.S.C. § 78o-4(c)(1), by making use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce or to attempt to induce the purchase or sale of any municipal security in contravention of any rule of the MSRB.

## D.  MSRB Rule G-17

**IT IS FURTHER ORDERED AND ADJUDGED** that Blount and his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, MSRB Rule G-17 by making use of the mails or means or

instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of municipal securities by engaging in deceptive, dishonest or unfair practices or failing to deal fairly with all persons.

**E.  MSRB Rule G-20**

**IT IS FURTHER ORDERED AND ADJUDGED** that Blount and his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, MSRB Rule G-20 by making use of the mails or means or instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of municipal securities by giving or permitting to be given, directly or indirectly, any thing or service of value in excess of $100 per year to a person other than an employee or partner of a municipal securities broker or dealer, where such payments or services relate to the municipal securities activities of the employer of the recipient of the payment or service.

**II.**

**DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Commission's claims for disgorgement, prejudgment interest and a civil penalty against Blount are dismissed.

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated into this Final Judgment with the same force and effect as if fully set forth herein, and that Blount shall comply with all of the undertakings and agreements set forth in the Consent.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Chambers in Birmingham, Alabama, this 14th day of July, 2010.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

Copies to all counsel and parties of record